**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DEE ANN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00166-TWP-DML |
| | ) |
| THE HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE CO., and SPRINGLEAF | ) |
| FINANCE, INC. DISABILITY PLAN, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTION FOR ADMINISTRATIVE REMAND AND MOTION TO STRIKE**

Before the Court is a Motion for Administrative Remand and to Stay Proceedings filed by Defendants Hartford Life and Accident Insurance Co. ("Hartford") and Springleaf Finance, Inc. Disability Plan ("the Plan") (collectively, "Defendants") (Filing No. 25), as well as a Motion to Strike filed by Plaintiff Dee Ann Miller ("Miller") (Filing No. 30). On January 1, 2016, after exhausting all remedies through the administrative process, Miller filed a wrongful denial of employee benefits claim against Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, (Filing No. 1). Defendants seek an administrative remand, arguing Miller did not receive a "full and fair review" because "critical" evidence that benefits Miller was not included in the administrative record. For the following reasons, Defendants' Motion for Administrative Remand and to Stay Proceedings is **GRANTED** and Miller's Motion to Strike is **DENIED**.

**I. BACKGROUND**

Miller worked for Springleaf Finance, Inc. ("Springleaf") from December 1999 until March 5, 2014. After nearly fifteen years, Miller stopped working at Springleaf due to symptoms

of severe fibromyalgia, psoriatic arthritis, osteoarthritis, and chronic pain. Miller then applied for short term disability ("STD") benefits provided through her employee benefit plan and administered by Hartford. Hartford approved Miller's application for STD benefits. After Miller received the maximum duration of STD benefits, she applied for long term disability ("LTD") benefits under the terms of her disability policy. On September 8, 2014, Hartford approved Miller's LTD benefits claim. ([Filing No. 27-1 at 2](#).)

Thereafter, Hartford received notice that Miller applied for Social Security disability benefits, however, the Social Security Administration denied Miller's claim on November 21, 2014, and denied her request for reconsideration on February 10, 2015. ([Filing No. 29-4](#).) In April 2015, Hartford consulted Ibraham Alghafeer, M.D., a rheumatology specialist, and Marcus Goldman, M.D., a psychiatrist, both of whom opined that Miller maintained the capacity to continue working. ([Filing No. 29-5 at 2-7](#).) The following month, on May 7, 2015, Hartford sent a letter to Miller terminating Miller's benefits as of April 30, 2015, explaining that Miller failed to satisfy the Plan's definition of "disability." (*See* [Filing No. 29-1 at 34,](#) defining disability).

Miller appealed the denial of benefits on October 28, 2015, and submitted a 258-page appeal packet, including an appeal letter and a three-page statement ("Physician's Statement") drafted by Miller's treating physician, Dr. Judi Brezausek. ([Filing No. 27-1](#).) Miller's appeal letter referenced specific contents of the Physician's Statement; however, due to a scanning error by outside vendor Xerox Services Healthcare ("Xerox"), the first two pages of the Physician's Statement were not contained in the administrative record. ([Filing No. 27-2](#).) On December 17, 2015, Defendants denied Miller's appeal without knowledge of the missing pages of the Physician's Statement.

Thereafter, on January 20, 2016, Miller sought relief in this Court. Miller filed a Complaint against Defendants asserting wrongful denial of employee benefits. ([Filing No. 1](#).) On July 26, 2016, during mediation and well after the denial of Miller's appeal, Miller's counsel informed Defendants that the first two pages of the Physician's Statement were missing from the administrative record. Miller represented that the two pages of the Physician's Statement contain critical information regarding Miller's medical condition and capacity to work. On October 14, 2016, Defendants filed a Motion for Administrative Remand and to Stay Proceedings in order to evaluate the Physician's Statement and to provide Miller with a "full and fair" review. ([Filing No. 25](#).)

## II. LEGAL ANALYSIS

Where, as in this case, a plan grants discretionary authority to the plan administrator, a court reviews the denial of benefits under the arbitrary and capricious standard. *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 773 (7th Cir. 2003) (citing *Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 461 (7th Cir.2001)). If a court determines that a plan administrator acted arbitrary and capricious, the court must next determine the appropriate remedy. *Hackett*, 315 F.3d at 775.

ERISA requires every employee benefit plan to "afford…a full and fair review" of claim denials. 29 U.S.C.A. § 1133. Generally, in ERISA cases, if an administrator "fails to make adequate findings" or "fails to provide… adequate reasoning" for denial of benefits, the proper remedy is to remand. *Love v. Nat'l City Corp. Welfare Benefits Plan*, 574 F.3d 392, 398 (7th Cir. 2009); *Majeski v. Metro. Life Ins. Co.*, 590 F.3d 478, 484 (7th Cir. 2009); *Leger v. Tribune Co. Long Term Disability Ben. Plan*, 557 F.3d 823, 835 (7th Cir. 2009). However, in rare cases, a court may retroactively reinstate a claimant's benefits where it is clear from the record that "the

3

only determination the plan administrator could reasonably make is that the claimant is disabled." *Majeski*, 590 F.3d at 484; *Love*, 574 F.3d at 398.

### III.  DISCUSSION

#### A.  Motion to Strike

As an initial matter, Miller asks the Court to strike certain exhibits filed by Defendants in their Reply brief. Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

On November 22, 2016, in reply to Miller's Response in Opposition to Defendants' request for remand, Defendants designated six exhibits—Exhibits A through F. (*See* Filing No. 29.) Without any substantive detail, Miller moves the Court to strike pages six through eight of Defendants' Reply brief, as well as corresponding Exhibits B through E, arguing Defendants failed to raise the issues contained in those exhibits in their initial brief. *See Fleet v. Indep. Fed. Credit Union Employee Ben. Plan*, No. 1:04CV0507DFHTAB, 2005 WL 1183177, at *2 (S.D. Ind. May 18, 2005).

Defendants note, in her response in opposition to Defendants' request for remand, Miller argued Defendants' evaluation of her disability claim was arbitrary and capricious, among other things. Defendants argue that its Reply appropriately rebutted those arguments raised by Miller. *See Trinity Indus. Leasing Co. v. Midwest Gas Storage, Inc.*, No. 1:11-CV-01579-JMS, 2013 WL

212929, at *6 (S.D. Ind. Jan. 18, 2013) ("[w]hile it is true that new arguments cannot be raised in a reply brief, a party can counter ... arguments raised in [a] response brief") (citations and quotation marks omitted); *Woods v. Wells Fargo Fin. Bank*, 753 F. Supp. 2d 784, 788 (S.D. Ind. 2010) ("the purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response…") (citations and quotation marks omitted).

After reviewing the record, the Court agrees with Defendants and finds that Exhibits B through E and pages six through eight of Defendants' Reply merely counters the arguments made by Miller in her response in opposition to Defendants' request for remand. *See Trinity*, 2013 WL 212929, at *6; *Woods*, 753 F. Supp. 2d at 788. Accordingly, Miller's Motion to Strike is **denied**.

**B.      Motion to Remand**

Regarding the merits of this case, Miller moves the Court for an administrative remand in order to evaluate the Physician's Statement and to provide Miller with a "full and fair" review. Miller, however, argues that the Court should not remand the case because Hartford negligently failed to notice the missing pages from the Physician's Statement and Hartford also misrepresented certain statements made by Miller's rheumatologist[1] during the administrative process.

The Court first notes that Miller's contentions are immaterial to the issue before the Court. The only issue before the Court is whether Defendants failed to afford Miller a "full and fair review" when denying Miller's benefits prior to evaluating the first two pages of the three-page Physician's Statement. There is no dispute that the first two pages of the Physician's Statement were not included in the administrative record due to the mistake of Xerox. Miller also concedes that the two missing pages contain critical information regarding Miller's medical condition and capacity to work. The Court concludes, and Defendants acknowledge, that the defect in the

---
[1] Miller asserts that Hartford violated its fiduciary duty when misrepresenting to Miller that Miller's rheumatologist reported she could perform light duty work. (Filing No. 27 at 12-13.)

administrative record did not afford Miller a "full and fair review." Arbitrary and capricious review turns on "whether the plan administrator afforded the claimant an opportunity for full and fair review," and whether the plan administrator failed to "address any reliable, contrary evidence submitted by the claimant." *See Majeski*, 590 F.3d at 484; *Love*, 574 F.3d at 397; *Leger*, 557 F.3d at 832-33. Accordingly, because it is not abundantly clear from the record that the only determination Hartford could reasonably make is that Miller is disabled, the Court **grants** Defendants' Motion for Administrative Remand. *See Majeski*, 590 F.3d at 484; *Love*, 574 F.3d at 398.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Administrative Remand and to Stay Proceedings ([Filing No. 25](#)), and the Court **DENIES** Miller's Motion to Strike ([Filing No. 30](#)). The matter is remanded to Hartford for additional administrative review. This matter is administratively closed, upon motion of either party to re-open the case.

**SO ORDERED.**

Date: 5/19/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Warren von Schleicher
SMITH von SCHLEICHER & ASSOCIATES
warren.vonschleicher@svs-law.com